# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY KEITH CLINTON,**

      **Petitioner,**

**v.**                                                 **Civil Action No. 3:10cv85**
                                                      **Criminal Action No. 3:08cr5**

**UNITED STATES OF AMERICA,**         **(Judge Bailey)**

      **Respondent.**

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On August 18, 2010, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody without a memorandum in support.[1] On August 19, 2010, the government was ordered to respond.[2] On July 10, 2007, the government filed its Response.[3] The petitioner replied on September 24, 2010.[4]

## II. FACTS

### A. Conviction and Sentence

On April 16, 2008, the petitioner signed a plea agreement by which he agreed to plead guilty to Count Three of the Indictment, distribution of 9.03 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(B).[5] In the plea agreement, the petitioner waived his right to appeal

---

[1] Dkt. No. 86.

[2] Dkt. No. 89.

[3] Dkt. No. 5.

[4] Dkt. No. 104.

[5] Dkt. No. 46.

his sentence, but not his right to collaterally attack it. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is based upon the Court's finding that defendant's relevant conduct as defined pursuant to U.S.S.G. § 1B1.3 is less than 20 grams of cocaine base, also known as crack. The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's limited waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

On April 24, 2008, the petitioner entered his plea in open court. (Dkt. No. 100). He testified that he could read, write and understand the English language "most of the time." (Id. at 3). He denied taking any medicine, drugs or alcohol within the previous twenty-four hours, other than his usual daily prescription blood pressure medicine. (Id.). He reported that he was forty-seven years old and had completed high school and two years of college. (Id. at 5). He testified that he had undergone drug and alcohol treatment in the past but had had no recent treatment for addiction. (Id. at 5). He denied any hearing impairment or other disability that would have prevented his full participation in the hearing. (Id. at 5 - 6). During the plea hearing, the Assistant U.S. Attorney ("AUSA") read aloud in open court each paragraph of the plea agreement, including the paragraph 10 *supra*. (Id. at 7 - 13). The petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 13). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 21 - 22). During the plea hearing, the government presented the testimony of Sergeant Dean Michael Olack, of the Eastern Panhandle Drug and Violent Crimes Task Force, West Virginia State Police, to establish a factual basis for the plea. (Id. at 22 - 26). The

petitioner did not contest the factual basis of the plea.

After the government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count Three of the Indictment. (Id. at 26). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 26 - 27). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 27). The petitioner testified that his attorney had adequately represented him and had done nothing improperly. (Id. at 27 - 28). Finally, the petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id. at 28).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id.). The petitioner did not object to the Court's finding.

On August 5, 2008, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of the crime, petitioner's extensive criminal history, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of eighty-seven months imprisonment. (Dkt. No. 75 at 41).

**B.    Appeal**

The petitioner filed a timely notice of appeal on August 6, 2008.[6] On appeal, petitioner challenged the procedural reasonableness of his sentence on the ground that the testimony of the confidential informant regarding controlled buys of crack cocaine from petitioner was not credible.

---

[6]Dkt. No. 62.

On June 11, 2009, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the District Court.[7] Mandate issued July 6, 2009.[8] Petitioner did not petition for a writ of *certiorari* with the U.S. Supreme Court.

C.      **Federal Habeas Corpus**

 In support of his motion, petitioner raises two grounds, contending that:

1)      during the August 8, 1998 sentencing hearing, a Government witness, confidential informant ("CI") Michael Francesconi, "provided false and misleading statements"[9] to the court regarding petitioner's relevant conduct; and

2)      the AUSA committed prosecutorial misconduct at the sentencing hearing when:

    a) she permitted the CI to provide false and misleading statements, when she "knew or should have known" that perjury was being committed; and

    b) when she encouraged the CI to provide false statements.

The petitioner requests no specific relief.

In its response, the Government contends the petitioner's motion fails because:

1)      neither issue raised by the petitioner alleges any failure on the part of his attorney or any ground authorized by §2255;

2)      non-constitutional claims that could have been raised on direct appeal and were not may not be raised in a collateral proceeding under §2255; and

3)      because petitioner has neither demonstrated 'cause' and actual prejudice nor actual innocence his claims are procedurally defaulted.

In his reply, Petitioner asserts that the AUSA failed to properly respond to each point raised

---

[7] Dkt. No. 78.

[8] Dkt. No. 79.

[9] Petitioner attaches copies of two Rentals Unlimited, Inc. "Exchange Equipment" receipts, dated February 17, 2007 and March 17, 2007, respectively, and 1 page from a copy of the condensed transcript of the sentencing hearing (containing 4 pages of the transcript) in purported support of this claim.

in his §2255 motion and to attach a copy of the sentencing hearing transcript,[10] according to the guidelines specified in Rule 5. He reiterates the claims previously made in his § 2255 motion, attempts to refute the Government's position on the same, and for the first time, without leave of court, raises the following new grounds:

> 3) At sentencing, the AUSA committed prosecutorial misconduct when she:
>
>     a)   failed to corroborate the testimony of a government witness;
>
>     b)   bolstered the credibility of a government witness with evidence not in the record;
>
>     c)   failed to produce documentation of any rental agreements;
>
>     d)   failed to produce any contractors' licenses; and
>
>     e)   failed to produce work history records.
>
> 4) Trial counsel was ineffective at the sentencing hearing for:
>
>     a)   opening the door during cross-examination of a government witness to a line of questioning about petitioner's drug activities in Frederick, MD, when the AUSA had previously never raised the issue; and
>
>     b)   leading the Government's witness.
>
> 5) Appellate counsel[11] was ineffective for
>
>     a)   failing to use the Hagerstown Rentals Unlimited receipts petitioner's sister provided to him, at petitioner's direction, to support petitioner's claim that the CI provided false testimony at the sentencing hearing.
>
> As relief, petitioner requests that:
>
> 1)  the CI Francesconi's testimony be stricken from the record of petitioner's civil and

---

[10] Because petitioner's original § 2255 motion has 1 page from a copy of the condensed transcript of the sentencing hearing (containing 4 pages of the transcript) attached as an exhibit, it is apparent that petitioner already has a copy of the sentencing hearing transcript, so it is unclear why he is raising this issue of contention.

[11] Trial and appellate counsel were the same; petitioner was represented by attorney Barry Beck.

criminal case and from any other cases in which Francesconi may have ever testified;

2) Francesconi be charged with perjury and contempt of court; and

3) that all the time petitioner has served "be credited and [that he] . . . be resentenced using the New Guidelines Now Voted on By "Congress." Since "Booker" Guidelines Are Not Mandatory!"

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because petitioner's claims are procedurally barred and/or time-barred.

### III. ANALYSIS

**A. Petitioner's Burden of Proof**

A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006).

**B. Procedurally Barred Claims**

Before evaluating the merits of Petitioner's claims, this Court must first determine which of Petitioner's claims he may bring in a § 2255 motion and which claims he has "procedurally defaulted" on by failing to raise them in direct appeal.

It is well settled that non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). This is because "a final judgment commands respect" such that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Examples of such "procedurally defaulted" issues include, generally, errors of law committed by the trial court and, specifically, "the existence of evidence to support any conviction, irregularities in the grand jury procedure, departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross jurisdictional lines." Sunal, 332 U.S. at 179.

In contrast to nonconstitutional issues, constitutional issues that were capable of being raised on direct appeal but were not may nevertheless be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged errors. United States v. Maybeck, 23 F.3d 888, 891 (1994). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986).

In the alternative to establishing "cause" and "prejudice," the petitioner may demonstrate "actual innocence," or that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621 (1998). "In order to

demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas,186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995). Should a petitioner prove actual innocence, the court should issue a writ of habeas corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. Hurdle v. United States, 2007 U.S. Dist. LEXIS 37709, at *6-7 (E.D. Va. May 22, 2007) (relying on Schlup v. Delo, 513 U.S. 298 (1995). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

The undersigned concludes that petitioner's Ground One claim that a Government witness provided false and misleading statements to the court regarding petitioner's relevant conduct is procedurally barred, because despite petitioner's claim otherwise,[12] it has already been raised on appeal, albeit couched there as a claim that his sentence was procedurally unreasonable because the testimony of the CI was not credible.

Petitioner's Ground Two a) and b) claims alleging prosecutorial misconduct raise a constitutional issue - namely his Fifth Amendment right to due process - and therefore may be raised in his §2255 motion. See Jackson v. Virginia, 443 U.S. 307, 321 (1979). Petitioner is nevertheless

---

[12] In his § 2255 motion, petitioner impliedly asserts that appellate counsel was ineffective for not raising Ground One on appeal because appellate counsel "never consulted me in not providing this information," this claim has, in fact already been given direct review by the Fourth Circuit and found to lack merit.

required, however, to show "cause" and "prejudice" as to why he did not raise these constitutional issues on direct appeal and how he was prejudiced by the prosecutorial misconduct, as explained above. See Maybeck, 23 F.3d at 891. As to the required "cause" showing, petitioner has offered no explanation as to why he did not raise these issues on appeal. Because the underlying basis for these claims is whether the Government witness testified truthfully at the sentencing hearing, a claim already rejected as lacking merit on appeal, petitioner cannot prove prejudice. Petitioner has not even alleged, let alone proved, actual innocence. In the face of his sworn statement at his plea hearing, admitting he was in fact guilty of the crime, he cannot reasonably do so now. Therefore, these claims are procedurally defaulted.

Petitioner's Ground 4 (a) and (b) claims alleging ineffective assistance of trial counsel at the sentencing hearing, newly raised in his reply, as well as his Ground 5 claim of ineffective assistance of appellate counsel, normally would be permitted to be raised in a §2255 motion, regardless of whether they were raised on direct appeal and regardless of a showing of "cause" and "prejudice." See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006). However, these claims, as well as petitioner's Ground 3 (a) - (e) claims of prosecutorial misconduct were all raised for the first time in his reply. Before analyzing the merits of Petitioner's claims, the Court finds that Petitioner's Grounds 3 (a) - (e), Grounds 4 (a) and (b), and his Ground 5 claims are barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA).

Petitioner raised his Ground 3, 4 and 5 claims for the first time in his reply, construed here as an amended § 2255 motion. His reply/amended motion was dated September 21, 2010 and was

filed September 24, 2010, after the government had already filed its responsive pleading. However, petitioner's conviction became final one year after September 11, 2009. Therefore, the amended petition was not filed within the one year limitation period. While leave to amend is freely given pursuant to Fed.R.Civ.P. 15(a) when an amendment is filed before a responsive pleading is served, here, petitioner filed his motion without leave of court after the Government's response. The undersigned finds that the claims are therefore time barred from consideration, <u>unless</u> found to "relate back" to petitioner's original pleading.

Rule 15(c)(2) of the Federal Rules of Civil Procedure provides for the relation back of amendments to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." The Supreme Court has held that "relation back" is proper only where "the original and amended petitions state claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Petitioner's original motion involved facts relating to a government witness providing false and misleading statements at his sentencing. While his Ground 3 claims do relate back to his Ground 2 claims made in his original petition, they are, like his Ground 2 claims, procedurally defaulted.

His new Ground 4 claims of ineffective assistance of counsel at sentencing involves facts relating to trial counsel's cross examination "opening the door" to a line of questioning not previously raised by the AUSA's direct exam of a Government witness at sentencing, and trial counsel's 'leading' of that same witness. They are not "tied to a common core of operative facts" and thus "relation back" is not proper. The fact an amended claim arises out of the same trial or

sentencing proceeding as a claim in the original pleading does not render it arising out of the same "conduct, transaction, or occurrence" as that original claim. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000). Rather, relation back is proper only when the conduct, transaction or occurrence of the amended claim is of the same "time and type" as that of the original claim. Id. at 318, *quoting* United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999). The Court finds petitioner's Ground 4 reply/amended ineffective assistance of trial counsel claims fail to arise out of the same "time and type" of conduct, transaction or occurrence set forth in his original claims. While petitioner's allegations in his September 24, 2010 reply/amendment regarding ineffective assistance of trial counsel at sentencing do peripherally relate to his original petition's allegations regarding the truthfulness of a Government witness' sentencing hearing testimony and the prosecutor's actions regarding it, the conduct at issue in the original and amended pleadings is not of the same "time and type" to warrant relation back. Because petitioner made no claims of ineffective assistance of counsel in his original pleading, any ineffective assistance of counsel claims raised in the reply/amended petition necessarily cannot concern the same "time and type" of conduct. Nor do the Ground 4 claims share a common "conduct, transaction, or occurrence" with any claim raised in his original petition. See Pittman, 209 F.3d 317-319. In his original motion, it is the Government's witness and the AUSA's conduct at issue; in his reply/amended pleading, it is trial counsel's conduct at issue. Accordingly, relation back is not proper. See Pittman, 209 F.3d at 318. Furthermore, because petitioner was aware of any deficiencies in his sentencing hearing at the time of his original pleading, relation back should not be granted. See Id. at 318. For the above reasons, petitioner's Grounds 4 (a) and (b) claims of ineffective assistance of counsel at sentencing do not relate back to his original pleading, are therefore untimely and are denied consideration.

Finally, petitioner's Ground 5 claim of ineffective assistance of appellate counsel, although it "relates back" to his Ground One claim made in his original petition, that claim is procedurally barred as it was already raised and rejected on appeal.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's § 2255 petition be **DENIED and DISMISSED** from the docket. Accordingly, the undersigned also recommends that petitioner's pending Motion to Produce Documents and Tangible Things Under Rule 34 "Dispositions and Discovery" Title V. Federal Rules of Civil Procedure (Dkt.# 93), and petitioner's requests that: the CI Michael Francesconi's testimony be stricken from the record of petitioner's civil and criminal case and from any other cases in which Francesconi may have ever testified; Francesconi be charged with perjury and contempt of court; and that all the time petitioner has served "be credited and [that he] . . . be resentenced using the New Guidelines Now Voted on By "Congress" be **DENIED** as moot.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: August 15, 2011

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE